**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
                              :
JEFFREY DAVID CLAPSADL,       :    CIVIL ACTION
                              :
            Petitioner,       :
                              :
       v.                     :    NO. 02-4621
                              :
ROBERT SHANNON, et al.,       :
                              :
            Respondents.      :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a <u>pro</u> <u>se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Jeffrey David Clapsadl ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution Mahanoy in Frackville, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied and dismissed without an evidentiary hearing.

**I.    PROCEDURAL HISTORY.**[1]

On or about September 29, 1994, Petitioner was charged in the Court of Common Pleas of Berks County by Information with criminal homicide, first degree murder, two counts of aggravated assault, possessing instruments of crime ("PIC"), and abuse of a corpse. Following a jury trial, the Petitioner was convicted of

_____

[1]This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

all charges on March 8, 1995.  On April 13, 1995, he was
sentenced to life imprisonment for the first degree murder
conviction, to be followed by two and one-half to five years'
imprisonment for the PIC conviction, and one to two years'
imprisonment for the abuse of corpse conviction.[2]

Petitioner filed a timely pro se appeal with the
Pennsylvania Superior Court.  He was appointed counsel and on
June 29, 1995, his pro se motion for change of counsel was
granted, and an attorney with the Public Defender's Office was
newly appointed.  Appointed counsel was thereafter permitted to
withdraw, however, due to a conflict of interest issue with other
personnel in the Public Defender's Office.  On October 2, 1995,
the court appointed a third attorney to represent petitioner on
appeal.  On July 16, 1996, the Superior Court affirmed the
judgments of sentence, and on April 7, 1997, the Supreme Court of
Pennsylvania denied petitioner's petition for allowance of
appeal.  Commonwealth v. Clapsadl, 692 A.2d 562 (Pa. 1997)
(Table).

On April 1, 1998, petitioner filed a pro se petition
pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").
See 42 Pa. C.S.A. § 9541.  On April 13, 1998, counsel was
appointed and on May 14, 1998, counsel filed a motion for relief
on petitioner's behalf.  The PCRA petition and motion raised only

---

[2]The two counts of aggravated assault merged with the other
charges for sentencing purposes.

the issue of ineffectiveness of trial counsel for failing to
request a change of venue before trial.  The PCRA court held an
evidentiary hearing on August 21, 1998, and denied relief on
November 19, 1998.  Petitioner appealed that issue to the
Superior Court, and the Superior Court affirmed the PCRA court's
order denying relief on September 23, 1999.  Commonwealth v.
Clapsadl, 747 A.2d 410 (Pa. Super. 1999)(Table).  Petitioner then
filed a petition seeking leave to file for allowance of appeal
nunc pro tunc, raising two issues: (1) trial counsel
ineffectiveness for failing to request a change of venue before
trial; and (2) PCRA counsel ineffectiveness for failing to
properly layer the ineffectiveness claim.  On June 9, 2000, the
Pennsylvania Supreme Court denied the petition.

On August 8, 2000, petitioner filed a second pro se
PCRA petition containing nine issues.  After notice and response,
the PCRA court denied this petition on September 6, 2000.  On
September 27, 2000, petitioner filed a notice of appeal with the
Superior Court alleging the following issues: (1) PCRA counsel
was ineffective for failing to properly layer the first PCRA
claim on appeal and failing to raise meritorious issues; and (2)
it was a miscarriage of justice that psychiatric and/or
psychological evidence was not presented on Petitioner's behalf
at trial.  On July 11, 2001, the Superior Court denied this
appeal.  Commonwealth v. Clapsadl, 782 A.2d 1051 (Pa. Super.
2001)(Table).

3

On August 8, 2001, petitioner filed a notice of allowance of appeal with the Pennsylvania Supreme Court raising the following two issues: (1) ineffectiveness of PCRA counsel; and (2) whether petitioner, as a layperson of below average intelligence, should be held to the same standards in assessing after-discovered facts as those who are counseled. On December 26, 2001, the Supreme Court denied the petition for allowance of appeal. Commonwealth v. Clapsadl, 792 A.2d 1251 (Pa. 2001)(Table).

On January 17, 2002, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Pennsylvania. On May 20, 2002, United States Magistrate Judge J. A. Smyser recommended that the case should be transferred to this District Court. United States District Court Judge James M. Munley adopted the Report and Recommendation on June 13, 2002, and directed the transfer of Petitioner's case. On July 11, 2002, the original record with certified copy of docket entries was received, and on October 4, 2002, this case was referred to me by the Honorable R. Barclay Surrick for preparation of a Report and Recommendation.

In his Petition, Petitioner makes the following nine claims: (1) he was deprived of due process in that his convictions were obtained by the use of a coerced confession and evidence; (2) he was deprived of due process in that his conviction was obtained without a full and fair opportunity to

4

cross-examine a key Commonwealth witness because of his failure
to disclose evidence that affected his credibility; (3) he was
deprived of the effective assistance of counsel in that counsel
failed to challenge to change the venue of this case which was
permeated with sensational, inflammatory, and prejudicial media
coverage that deprived Petitioner of a fair trial; (4) he was
deprived of the effective assistance of counsel in that counsel
failed to present available psychiatric and psychological expert
testimony revealing the mental retardation and inability of
Petitioner to reason as a normal individual when the sole issue
at trial was Petitioner's state of mind at the time of the
shooting, and this factual evidence, if used, would have had a
substantial impact upon the voluntariness of Petitioner's
confession; (5) he was deprived of the effective assistance of
counsel in that counsel failed to request an available jury
instruction on the "series of related events" relied upon to
establish serious provocation regarding the voluntary
manslaughter charge, which deprived Petitioner of the opportunity
of having the relevant law accurately and adequately explained to
the jury for proper guidance in their deliberations; (6) he was
deprived of the effective assistance of counsel in that counsel
failed to request an available jury instruction on the
voluntariness of the confession that allegedly took place at the
Berks County Prison between Trooper Gates and Petitioner,
regarding the origin of the shovel in this case, which was relied

upon by the Commonwealth as their main contention to establish
premeditated specific intent, the sole element in dispute; (7) he
was deprived of the effective assistance of counsel in that
counsel failed to object to the trial court's erroneous jury
instructions that omitted and materially misdescribed essential
points for charge relating to first degree murder and voluntary
manslaughter; (8) he was deprived of the effective assistance of
counsel in that counsel failed to object to the trial court's
defining the penalties of first and third degree murder for the
jury, which deprived him of having the jury determine guilt or
innocence based solely upon the evidence admitted at trial; and
(9) he was deprived of the effective assistance of counsel in
that counsel failed to present any witnesses to testify to his
good character.  (Pet. at 9-10A.)  Respondents contend that these
claims are either time-barred or have been procedurally
defaulted.

## II.  **DISCUSSION**.

        Although not addressed by Respondents, this Court must
first address whether the instant Petition, as a whole, is time-
barred. Petitioner's case must be decided pursuant to the terms
of the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110
Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C.
section 2254, the statute under which this Petition was filed,

requires that federal courts give greater deference to a state

court's legal determinations.  The AEDPA also amended 28 U.S.C.

section 2244 to require that:

> (d)(1)  A 1-year period of limitation shall
> apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation
> period shall run from the latest of -
>
> (A) the date on which the judgment became
> final by the conclusion of direct review or
> the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to
> filing an application created by state action
> in violation of the Constitution or laws of
> the United States is removed, if the
> applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court and
> made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate
> of the claim or claims presented could have
> been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).  If direct review of a criminal

conviction ended after the AEDPA's effective date, a prisoner has

one year subsequent to the date on which the direct review was

exhausted to properly file a habeas action.  Burns v. Morton, 134

F.3d 109, 111 (3d Cir. 1998).

There is an exception in the statute, however, for

"[t]he time during which a properly filed application for State

7

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, Petitioner's convictions became final on July 7, 1997, after expiration of the ninety day period within which he could seek discretionary review by the United States Supreme Court. See U.S. SUP. CT. R. 13; 42 Pa. C.S.A. § 9545(b)(3); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); See Kapral v. U.S., 166 F.3d 565, 575 (3d Cir. 1999) (stating judgment becomes final at conclusion of direct review or expiration of time for filing such review, including time for filing petition for writ of certiorari in United States Supreme Court). Because Petitioner's convictions became final after enactment of the AEDPA, he had one year from the date his convictions became final, or July 7, 1998, to file a timely federal petition for writ of habeas corpus. Petitioner filed his first PCRA petition on April 1, 1998. The statute of limitations period was tolled from that date until June 9, 2000, when the Pennsylvania Supreme Court denied petitioner's petition seeking leave to file for allowance of appeal nunc pro tunc.

From June 9, 2000 until August 8, 2000, the date Petitioner filed his second PCRA petition, sixty days in the statutory tolling period elapsed. This second PCRA petition was denied as untimely filed by both the PCRA court and the Pennsylvania Superior Court. The United States Court of Appeals

8

for the Third Circuit ("Third Circuit") has ruled that the limitation period is not statutorily tolled by an untimely PCRA petition.  See Merritt v. Blaine, 326 F.3d 157, 165-166 (3d Cir. 2003); Brown v. Shannon, 322 F.3d 768, 775-776 n.5 (3d Cir.), cert. denied, —- S.Ct. ----, 2003 WL 21000398 (U.S. June 23, 2003); Fahy v. Horn, 240 F.3d 239, 243-244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001).  Because Petitioner's second PCRA petition was dismissed as untimely, the period of time this petition was pending in the state court did not toll the AEDPA statute of limitations.  Thus, the limitations clock continued to run on August 8, 2000, with three hundred and five days remaining for Petitioner to file a timely federal habeas petition, or until June 9, 2001.  Petitioner filed the instant Petition on January 17, 2002, over seven months too late.

       One opportunity for relief from the time-bar may remain for Petitioner, however, because the statute of limitations in the AEDPA is subject to equitable tolling.  Robinson v. Johnson, No. 00-1979, 2002 WL 31546341, at *4 (3d Cir. Nov. 18, 2002)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted)).  "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller, 145 F.3d at 618 (quoting Shendock v. Dir., Ofc. of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir.)(en banc), cert. denied, 498 U.S. 826 (1990)).  The Petitioner "must show

9

that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient."  Id. (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  The United States Court of Appeals for the Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy, 240 F.3d at 244 (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

Although Petitioner did continuously file pleadings in the lower courts, he provides no reason for his delay in filing the instant Petition, therefore equitable tolling is unavailable to him.  Davis v. Varner, No. CIV.A.00-4349, 2001 WL 1417462, at *4-*5 (E.D. Pa. Nov. 8, 2001)(finding no equitable tolling where petitioner claimed he was prevented from filing timely habeas petition due to riot at correctional facility resulting in destruction of personal property and court records, non-receipt of replacement copy of post-conviction petition, and housing in restrictive unit without access to law library or legal assistant from 1989 until 1992)(citing New Castle County, 111 F.3d at 1126 (finding no equitable tolling where petitioner waited months to

file habeas petition after end of alleged tolling event) and
<u>Fisher v. Johnson</u>, 174 F.3d 710 (5th Cir. 1999)(same)).[3]  Thus,
Petitioner's third claim contained in his Petition should be
denied and dismissed without an evidentiary hearing.

Therefore, I make the following:

**<u>RECOMMENDATION</u>**

AND NOW, this        day of July, 2003, IT IS
RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas
Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED
and DISMISSED.  There is no probable cause to issue a certificate
of appealability.

BY THE COURT:


_____
ARNOLD C. RAPOPORT
United States Magistrate Judge

_____

[3]Although the Respondents address the merits of Petitioner's
claims, these claims are not addressed in this Report and
Recommendation because Petitioner's claims are time-barred.