IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY DAVID CLAPSADL,** | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| V. | : | |
| | : | NO. 02-4621 |
| **ROBERT SHANNON,** | : | |
| Superintendent, | : | |
| Respondents | : | |

### RESPONSE TO PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

MARK C. BALDWIN, District Attorney of Berks County, Pennsylvania, by Alisa R. Hobart, Assistant District Attorney, on behalf of the Respondent, respectfully requests that this Court deny this Petition for Writ of Habeas Corpus, and in support of that request states:

1. As the Respondent, the Commonwealth has dispensed with a seriatim answer for the sake of clarity.

2. On or about September 29, 1994, appellant, Jeffrey David Clapsadl, was charged by Information filed at Criminal Docket No. 2362/94 in the Court of Common Pleas, Berks County, Pennsylvania, with Criminal Homicide, Murder of the First Degree, two counts of Aggravated Assault, Possessing Instruments of Crime, and Abuse of a Corpse[1]. These charges all arose out of the murder of Renee Layser on or about August 10, 1994.

3. An Omnibus Pretrial Motion was filed, requesting *inter alia*, suppression of statements and evidence. The Honorable Linda K. M. Ludgate held hearings on the

---

[1] 18 Pa.C.S.A. §2501(a), 18 Pa.C.S.A. §2502(a), 18 Pa.C.S.A. §2702(a)(1) and (a)(4), 18 Pa.C.S.A. §907(a) and 18 Pa.C.S.A. §5510 respectively.

1

motion on December 29, 1994 and January 13, 1995. The court then denied relief on January 27, 1995, and authored an Opinion in support of its decision.

4. Clapsadl was subsequently tried by a jury and on March 8, 1995, was convicted of all of the above charges.

5. On April 13, 1995, the court sentenced Clapsadl to life imprisonment for First Degree Murder, to be followed by terms of imprisonment of 2 1/2 to 5 years for Possessing Instruments of Crime and 1 to 2 years for Abuse of a Corpse. The two counts of Aggravated Assault merged for sentencing purposes.

6. Clapsadl filed a timely *pro se* appeal.

7. On June 29, 1995, the court granted Clapsadl's *pro se* motion for change of counsel, ordering that Attorney Stone's appearance be withdrawn and appointing Linda F. Epes, Esquire, Assistant Public Defender, as appellate counsel. However, since an individual who had been the court's law clerk during Clapsadl's trial was now working as an Assistant Public Defender and handling the appeals for that office, Attorney Epes was allowed to withdraw as counsel pursuant to Rule 1.12 of the Rules of Professional Conduct. On October 2, 1995, the court appointed Gail M. Chiodo, Esquire, to represent Clapsadl on appeal.

8. On July 16, 1996, the Superior Court of Pennsylvania affirmed Clapsadl's judgment of sentence, and the Supreme Court of Pennsylvania denied the subsequent Petition for Allowance of Appeal on April 7, 1997.

9. None of the four issues raised on direct appeal appear in Clapsadl's current petition before this court.

10. On April 1, 1998, Clapsadl filed a timely *pro se* petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §9541 et seq. ("PCRA"). On April 13, 1998, Thomas S. Roman, Esquire was appointed to represent Clapsadl, who filed a Motion for Relief Under the Post-Conviction Relief Act on May 14, 1998. The PCRA petition and subsequent motion raised only one issue: the ineffectiveness of trial counsel for failing to request a change of venue/venire before trial.

11. An evidentiary hearing was held on August 21, 1998, and the court ultimately denied relief on November 19, 1998. The same issue was appealed to the Superior Court of Pennsylvania, who affirmed the trial court's order on September 23, 1999. Although this same issue was raised in his Petition Seeking Leave to File for Allowance of Appeal Nunc Pro Tunc filed with the Supreme Court of Pennsylvania, Clapsadl also alleged PCRA counsel's ineffectiveness for failing to properly layer the ineffectiveness claim. On June 9, 2000, the Supreme Court subsequently denied Clapsadl's petition.

12. On August 8, 2000, Clapsadl filed his second *pro se* PCRA petition raising nine issues, most of which are substantially similar to those raised in Grounds Three through Nine of the current petition. After notice and response, the PCRA court denied this petition on September 6, 2000.

13. Clapsadl filed an appeal from this decision on or about September 27, 2000. The brief contained two issues: the first challenged the effectiveness of PCRA counsel by failing to properly layer the first PCRA claim on appeal and failing to raise meritorious issues, and the second argued that it was a miscarriage of justice that psychiatric and/or psychological evidence was not presented on his behalf at trial. The Superior Court of Pennsylvania denied this appeal on July 11, 2001.

14. On or about August 8, 2001, Clapsadl filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, again raising two issues. The first issue mirrored the first issue raised in the intermediate appellate court: the ineffectiveness of PCRA counsel. However, the second issue had not been previously raised anywhere: whether Clapsadl as a layperson of below average intelligence should be held to the same standards in assessing after-discovered facts as those who are counseled. This petition was summarily denied on December 26, 2001.

15. Clapsadl next filed the instant petition on January 17, 2002 raising nine separate grounds for relief largely based upon the ineffectiveness of trial counsel and alleged prosecutorial misconduct.

16. On April 22, 2002, Respondent filed its Answer to Petition for Writ of Habeas Corpus and supporting memorandum arguing that one allegation of error was not timely before the court and the remaining allegations were not properly exhausted.

17. On July 17, 2003, United States Magistrate Judge Arnold C. Rapaport issued a Report and Recommendation recommending that the petition be wholly denied as untimely filed.

18. On or about August 1, 2003, Clapsadl filed Verified Petitioner's Objection to Report and Recommendation of U.S. Magistrate Judge. In addition to simply expounding upon two of the allegations raised in his original habeas petition, Clapsadl apparently attempts to avail himself of the doctrine of equitable tolling to avoid the dismissal of the petition as untimely by arguing that he should be granted leniency

because he is mentally deficient.² However, this excuse does not fall within one of the three exceptions for which the Third Circuit has stated that equitable tolling will be considered. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001), *cert denied,* 534 U.S. 944 (2001)(*quoting Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)(further citations omitted)). These exceptions include: "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Id*.

Although Clapsadl doesn't specifically state which of these three exceptions his alleged incapacity falls within, the only possible argument under *Fahy* is that this alleged incapacity qualifies as an extraordinary circumstance which prevented him from timely asserting his rights, thereby falling within the second of the three exceptions. The Commonwealth has exhaustively researched this issue and has not found precedent which recognizes mental deficiencies as an "extraordinary circumstance," thus this argument has no basis in the law. Additionally, Clapsadl's alleged incapacity did not prevent him from filing the second PCRA petition *pro se* and following through with the appeal process upon the denial thereof in a timely manner, including a petition for allocatur with the Supreme Court of Pennsylvania. Notably, the documents filed by Clapsadl in those proceedings and with this Court appear to have been prepared by someone with the mental abilities to reason, formulate and communicate arguments, and find the legal authority to support those arguments. The documents filed in the *pro se* second PCRA and the appeal thereon are attached hereto as Exhibit A, B and C. Thus even if this Court

---

² It should be noted that despite this deficiency, Clapsadl was able to file the original petition for habeas review, as well as the objection to the magistrate's recommendation, without the assistance of

created new precedent by recognizing mental deficiencies as an "extraordinary circumstance," it appears that Clapsadl's claim to this alleged incapacity is questionable.

19.   The Commonwealth hereby incorporates the previously filed Answer to Petition for Writ of Habeas Corpus and memorandum of law filed in support of this answer.

20.   The Commonwealth further supports the Report and Recommendation filed by the United States Magistrate Judge Arnold C. Rapoport.

**WHEREFORE**, for the foregoing reasons, the Commonwealth, as the Respondent, respectfully requests that this Court dismiss the Petition for Writ of Habeas Corpus without a hearing.

                                                Respectfully submitted,

Date:_____                       _____
                                            **ALISA R. HOBART**
                                            Assistant District Attorney

---

counsel.