IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DAVID CLAPSADL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-CV-4621 |
| ROBERT SHANNON, ET AL. | : | |

**MEMORANDUM & ORDER**

**Surrick, J.**                                                                                          October _____, 2003

Presently before this Court are Petitioner Jeffrey David Clapsadl's Petition for Writ of Habeas Corpus (Docket 1 No. 1), the response thereto, the Report and Recommendation ("R and R") of Magistrate Judge Arnold C. Rapoport (Docket 2 No. 5), Petitioner's Objections (Docket 2 No. 7) thereto and the Government's Response to Petitioner's Objections (Docket 2 No. 9).[1]  For the following reasons, we will approve the Report and Recommendation and deny Petitioner's Petition under 28 U.S.C. § 2255.[2]  Petitioner was convicted and sentenced in state court on

---

[1]This Habeas Petition was originally filed in the Middle District of Pennsylvania as case number 02-cv-00074, and was transferred to the Eastern District of Pennsylvania on July 9, 2002. For that reason, some of the documents relied upon in this order were filed in the Middle District and are listed under the docket for that case number ("Docket 1") and other documents were filed under 02-CV-4621 and are listed under that docket ("Docket 2").

[2]The court has jurisdiction under 28 U.S.C. § 2255:

A prisoner in custody under the sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentences was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess fo the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt

charges of first degree murder, possession of instruments of crime, and abuse of a corpse.[3]

Following the trial and conviction Petitioner twice filed for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"). 42 PA. CONS. STAT. ANN. § 9541. Both requests were denied. See Commonwealth v. Clapsadl, 747 A.2d 410 (Pa. Super. Ct. 1999) (Table); Commonwealth v. Clapsadl, 782 A.2d 1051 (Pa. Super. Ct. 2001) (Table). The second petition was deemed to have been filed untimely. (Docket 1 No. 13 App. at 561-69.)

Following the denials of the PCRA filings, Petitioner filed the instant Petition for the Writ of Habeas Corpus. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, the statute of limitations for habeas corpus petitions requires that a petition for relief from a state court must be filed within one year of a final judgment in state court. 28 U.S.C. § 2244(d)(1).[4]

---

hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

If the court finds that such claim has merit, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. Upon receipt of objections to the magistrate report, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). The court may accept, reject, or modify the findings or recommendations of the magistrate. Id.

[3]As the underlying facts are not in dispute, this Order fully adopts the facts as stated in the Report and Recommendation. (Report and Recommendation at 1-4.)

[4]Specifically the AEDPA amended 28 U.S.C. § 2244 to require that:

(d)(1) A 1 - year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

However, this limitations period is tolled where timely claims are filed in state court. Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) ("in the AEDPA Congress set forth the requirement that only a *properly filed* petition for state collateral relief can toll the statute of limitations for filing a federal habeas petition, ..., we define 'properly filed' as being submitted in accordance with the state's procedural requirements.") (emphasis in original). Thus, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

When claims filed in state court are found to be untimely, the statute of limitations is not tolled. See Fahy, 240 F.3d at 243-44.[5] In those circumstances, the only way to avoid the running of the statute is through the doctrine of "equitable tolling". Id. Equitable tolling is available for a petitioner who has been reasonably diligent in investigating and bringing claims but "has in some extraordinary way...been prevented from asserting his or her rights." United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003). Petitioner in this case objects to the Report

---

(B) the date on which the impediment to filing an application created by state action in violation fo the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was intitially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[5]When deciding whether a state petition was properly filed, "the AEDPA requires us to interpret state law as we do when sitting in diversity cases, and we therefore must defer to a state's highest court when it rules on an issue." Fahy, 240 F.3d at 244. In this case there is no dispute as to whether Petitioner's second PCRA submission was properly filed. It was not.

and Recommendation contending that the statute of limitations should be tolled based on his mental incompetence.[6] (Docket 2 No. 7.) Equitable tolling may be available in cases of alleged mental incompetence, provided there is a nexus between the petitioner's mental condition and the inability to file a timely petition. Harris, 268 F. Supp. 2d at 506. However, a mental condition "that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling." Id.

The facts of this case do not support a finding that Petitioner's incompetence prevented timely filing such that equitable tolling is appropriate. Though Petitioner was evaluated by a psychiatrist at the time of his trial in state court, and the report indicated that his intelligence was "within the borderline range of intellectual functioning" with a full scale IQ of 71, Petitioner has provided no evidence as to how this mental condition impaired his ability to comply with the statute of limitations. (Petitioner's Objection to Report and Recommendation of U.S. Magistrate Judge at Ex. 1.) Moreover, each of the pro se petitions that Petitioner has submitted demonstrate that Petitioner is apparently an individual with the ability to make and understand legal argument. Though this fact by itself does not necessarily justify a finding that Petitioner was competent, it clearly mitigates against the finding of a nexus between his mental condition and the failure to comply with the statute of limitations.

---

[6]The Magistrate Judge denied the Petition solely on the basis that it was time barred, but notes that this issue was not addressed by Respondents. (Report and Recommendation at 6.) This is incorrect. Respondents do make the argument that Petitioner is time barred. (Mem. in Support of the Commonwealth's Answer to the Petition for the Writ of Habeas Corpus at 6.) Had the Commonwealth failed to make this argument, we would have had to address the issue of whether the statute of limitations had been waived. See Robinson v. Johnson, 313 F.3d 128, 137 (3rd Cir. 2002) (holding that the government waives the statute of limitations defense under the AEDPA if it does not affirmatively assert the limitation either in the answer or "at the earliest practicable moment thereafter.")

Petitioner suggests that the case of Drope v. Missouri, 420 U.S. 162, 171-72 (1975), provides relief, in that Drope supports the proposition that he was unfit to stand trial. Petitioner is correct in stating that Drope stands for the proposition that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope, 420 U.S. at 171. This has been interpreted to mean that to be competent to stand trial, a defendant must have "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and must possess "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). In the instant case, there is simply no evidence to support the proposition that the doctrine of equitable tolling was triggered by Petitioner's mental condition.

For these reasons we find that the Magistrate Judge's Report and Recommendation was correct insofar as it found Petitioner's claim to be time barred.

Accordingly, we enter the following:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DAVID CLAPSADL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-CV-4621 |
| ROBERT SHANNON, ET AL. | : | |

### ORDER

AND NOW, on this _____ day of October, 2003, it is ORDERED as follows:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Petition For Writ Of Habeas Corpus is DISMISSED.

3. There is no probable cause to issue a certificate of appealability.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge