IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DAVID CLAPSADL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-CV-4621 |
| ROBERT SHANNON, ET AL. | : | |

## MEMORANDUM & ORDER

**Surrick, J.**                                                                                    **November \_\_\_\_, 2003**

Presently before this Court is pro se Petitioner's Verified FRCP 59(e) Motion For Reconsideration Of Final Order Entered October 21, 2003; Approving And Adopting Report And Recommendation; Dismissing The Petition For Writ Of Habeas Corpus Asking A Competency Hearing; And, Stating There Is No Probable Cause To Issue A Certificate Of Appealabilty (Docket 2 No. 13)[1]. For the following reasons, Petitioner's Motion will be denied.

The Report and Recommendation of Magistrate Judge Rapoport concluded that Petitioner's pro se Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254[2] must be

---

[1] The Habeas Petition was originally filed in the Middle District of Pennsylvania as case number 02-cv-00074, and was transferred to the Eastern District of Pennsylvania on July 9, 2002. For that reason, some of the documents relied upon in this order were filed in the Middle District and are listed under the docket for that case number ("Docket 1") and other documents were filed under 02-CV-4621 and are listed under that docket ("Docket 2").

[2] In our Memorandum and Order adopting the Report and Recommendation, we referred to the petition as a petition filed under 28 U.S.C. § 2255. This was, of course, error because 28 U.S.C. § 2254(a), rather than § 2255, provides the vehicle for a "district court to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Since we clearly have jurisdiction to hear the petition under § 2254, the error is of no practical consequence.

dismissed as time barred. We agreed and adopted the Report and Recommendation. Petitioner asks for reconsideration because he believes that the evidence offered as to his mental incompetence was sufficient to justify equitable tolling of the statute of limitations.[3] Petitioner also requests that we apply the standard used in dealing with summary judgments and view all the facts in a light most favorable to him.

With regard to Petitioner's suggestion that we should view the facts in a light most favorable to him "a federal habeas corpus petitioner has the burden of proving all facts entitling him to discharge from custody .... Although this burden is applicable to the substantive elements of a petitioner's claim, we see no reason why he should not bear the burden of demonstrating that he has met the procedural requisites that entitle him to relief as well." Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); see also Cooper v. Price, No. 02-4274, 2003 WL 22596488, at * 2 (3d Cir. Oct. 10, 2003) ("the burden rests on petitioner to prove all facts both procedural and substantive, entitling him or her to relief").

In this instance Petitioner has the burden of proving that equitable tolling is appropriate. The Third Circuit has indicated "that equitable tolling is proper only when the principle of equity would make [the] rigid application [of a limitations period] unfair. ... Generally, this will occur when the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (internal

---

[3]Petitioner also asks us to reconsider in light of the fact that Petitioner's Motion for Leave to Reply and Amend (Docket 2 No. 10) was not discussed in our Memorandum and Order. Though we did not discuss this Motion, we considered Petitioner's arguments and the additional evidence in our decision.

quotations omitted).

Petitioner contends that his petition was untimely because of his mental condition. The case law that has developed in this area provides that, a mental condition "that burdens but does not prevent a prisoner from filing a timely petition does not constitute extraordinary circumstances justifying equitable tolling." United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) see also Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (recognizing that mental incompetence is not a per se reason to toll a statute of limitation).  In Harris, the court found that equitable tolling was appropriate where petitioner presented expert medical opinion showing that her condition "interfered with [Harris'] capacity to effectively protect her rights and file the habeas petition in a timely manner ...." Id.

In Graham v. Kyler, No. Civ. A. 01-1997, 2002 WL 32149019, at * 1, 7 (E.D. Pa. Oct. 31, 2002), the court tolled the statute of limitations because petitioner had demonstrated significant child abuse, agreement by both parties experts that petitioner functioned intellectually in the low-range, previous time spent in mental hospitals, and in sum a "history of mental and cognitive incapacity."  Because of these problems, "it took petitioner five years to be able to communicate to another inmate his desire to challenge his sentence in this court." Id. at * 11. Similarly, in the case of Moreno v. Carroll, No. Civ. A. 01-798, 2002 WL 31005829, at * 3 (D. Del. Sept. 4, 2002), the court refused to dismiss the claim of petitioner who had previously been deemed incompetent to stand trial, had spent time in a state hospital, and could not explain the four and a half year absence of any filing for post-conviction relief.

Petitioner has presented a Psychological Evaluation dated October 24, 1994, which was signed by a "Psychology Intern" and states that Petitioner has a full scale IQ of 71 and that "it is

3

highly likely that Mr. Clapsaddle [sic] will have difficulty understanding court proceedings." (Pet.'s Mot. for Reconsideration Ex. 1.)  Unfortunately, Petitioner has not demonstrated any relationship between the observations of the psychology intern in 1994 and his failure to file his petition within the time guidelines of 28 U.S.C. § 2244(d) in 2001.  Moreover, Petitioner's numerous filings in this case belie his claim of mental incompetence.  Since the time of his conviction, Petitioner has been actively and aggressively seeking state and federal review through the direct appeals process, the PCRA process, and now through this Petition.  There is simply nothing in this record to support a claim of mental incompetence.

      Petitioner again suggests that the case of <u>Drope v. Missouri</u>, 420 U.S. 162, 171-72 (1975) should provide relief.  Petitioner contends that his incompetence at the time of trial has continued and is responsible for his failure to timely file this Petition.  Petitioner is correct that <u>Drope</u> stands for the proposition that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." <u>Drope</u>, 420 U.S. at 171.  This has been interpreted to mean that to be competent to stand trial, a defendant must have "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and must possess "a rational as well as factual understanding of the proceedings against him." <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960).  The only evidence Petitioner offers to support the contention that he was mentally unfit to stand trial is the above mentioned report that was signed by the psychology intern.  Of particular significance with regard to Petitioner's mental competence, however, is the psychiatric evaluation done by L.A. Rotenberg, M.D. in 1994, which was prepared after an extensive psychiatric interview, the administration of

4

a battery of psychological tests and a review of historical records including the initial statement given by Petitioner to the state police. (App. to Answer to Pet. for Writ of Habeas Corpus Vol. 2 at 531-35.) Dr. Rotenberg made the following findings with regard to Petitioner's mental competence:

> Comments:
>
> 1. With respect to the issues of his competence to waive his Miranda rights, the subject understood the nature of these rights. He had these rights explained to him. He was able to knowingly, thoughtfully, and intelligently, waive these Miranda rights.
> 2. He understands that he is on trial. He understands the components of the judicial system. He is able to cooperate with his attorney in his own defense. His is able to tolerate the rigors or a trial. In sum, it is the opinion of the undersigned, within a reasonable degree of medical certainty, that he is competent to stand trial.
> 3. With respect to the issue of criminal responsibility (M'Naghten), the subject understood the nature and the quality of his action. It is the opinion of the undersigned that the subject understood that what he was doing was wrong. It is concluded that the subject did not the requisite criteria for the M'Naghten defense.
> 4. With respect to the issues of "guilty but mentally ill," at the time of the alleged act, the subject did not have a mental illness such that he was either unable to appreciate the wrongfulness of his conduct or that he was unable to make his conduct adhere to the requirements of the law.

(Id. at 535.) Furthermore, Petitioner's active and consistent post-conviction filings belie a claim that his incompetency made him unable to consult with a lawyer and help prepare his defense.[4]

---

[4]Petition was represented by Maurice D. Stone in his trial, Gail M. Chiodo on direct appeal, and Thomas Roman on his first attempt to gain relief under the PCRA. None of these

Finally, Petitioner argues that he is entitled to a competency hearing at which expert testimony would be presented to aid the court in determining the necessity to appoint a "Next Friend" to represent Petitioner's interests. Petitioner cites Commonwealth v. Haag, 809 A.2d 271 (Pa. 2002) in support of his position. In Haag defendant had been convicted of first degree murder and sentenced to death. At issue was defendant's competence to pursue collateral relief and the necessity to appoint a next friend. The Consulting Psychiatrist at the State Correctional Institution where defendant was incarcerated after his conviction diagnosed Haag as psychotic, paranoid schizophrenic, delusional and suffering from Capgra's Syndrome. Id. at 275. Both the court appointed psychiatrist and the defense psychologist agreed that defendant was incompetent. As a result, the court declared defendant incompetent, declared that he could not be executed, and granted his mother next friend status. Id.

This case and Haag are dramatically different. There is nothing in this record to suggest that a competency hearing is required or that appointment of a next friend is necessary. In fact, as above discussed all indications are to the contrary. Under the circumstances, there is no basis upon which to conclude that equitable tolling is appropriate. Accordingly, Petitioners request for reconsideration will be denied.

An appropriate Order follows.

---

attorneys ever suggested that Petitioner was unable to assist them in his defense. Petitioner has also filed numerous memorandum pro se in which he has made very coherent, logical arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DAVID CLAPSADL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-CV-4621 |
| ROBERT SHANNON, ET AL. | : | |

## ORDER

AND NOW, this ___ day of November, 2003, upon consideration of Petitioner's Verified FRCP 59(e) Motion For Reconsideration Of Final Order Entered October 21, 2003; Approving And Adopting Report And Recommendation; Dismissing The Petition For Writ Of Habeas Corpus Asking A Competency Hearing; And, Stating There Is No Probable Cause To Issue A Certificate Of Appealability (Docket 2 No. 13), it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge